**McWHORTER v. ANCHOR SERUM CO.**
Civil Action No. 133.

District Court, W. D. Arkansas,

Fayetteville Division.
July 21, 1947.

438

Sampier & Ford, of Rogers, Ark., and David L. Ford, of Fort Smith, Ark., for plaintiff.

Brown, Douglas & Brown, of St. Joseph, Mo., and Pryor, Pryor & Dobbs, of Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

The plaintiff is a citizen and resident of Benton County, Arkansas. The defendant is a corporation, organized and existing under the laws of the State of Missouri, with its principal place of business in St. Joseph, Buchanan County, Missouri, and is engaged in the manufacture and sale of anti-hog-cholera serum, bacterins and other animal biologicals. Service of summons on the defendant was had in conformity with the terms of Act No. 347 of the Acts of The General Assembly of Arkansas 1947. The defendant has filed a motion to quash service of process on the ground that the service had was insufficient to give the Court jurisdiction of the person of the defendant.

The facts, as reflected by the complaint and deposition of the plaintiff, are as follows. In December, 1946, Mr. G. D. Scott, a representative of the defendant company, approached the plaintiff, W. T. McWhorter, at his farm in Benton County, Arkansas, in regard to the employment of the plaintiff by the defendant company. The terms of employment, discussed at that time, were that the defendant would pay the plaintiff $250 a month, with a weekly expense account up to $75, and furnish him with a car. The plaintiff was to be classified as "Veterinary Representative" of the company and it would be his job to call on druggists and dealers with a view to selling the products of the defendant company. This employment was accepted by the plaintiff a short time later (shortly before Christmas, 1946) and after attending a preparatory school, he entered upon his duties around the middle of January, 1947. When the plaintiff secured an order from a druggist dealer in Arkansas, that order was sent to St. Joseph, Missouri, where it was filled and from there shipped directly to the dealer in Arkansas. During the tenure of the plaintiff's employment there was not, at any time, any stock of the defendant company located in the State of Arkansas. At various times the orders were filled by wholesalers, of the defendant company, in Kansas City, Missouri and in Fort Worth, Texas, but in all cases the stock was shipped into Arkansas from another state and directly to the purchasing dealer.

The question for decision here is whether or not the service had upon the defendant company was sufficient to give this Court jurisdiction over the person of the defendant. Diversity of citizenship and the requisite jurisdictional amount exist.

Act 347, Acts of Arkansas 1947, provides that: "Any non-resident person, firm, partnership, general or limited, or any corporation not qualified under the Constitution and Laws of this State as to doing business herein, *who shall do any business or perform any character of work or service in this State* shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the Secretary of State, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or service, or as an incident thereto by any such non-resident, or his, its or their agent, servant or employee." The act also stipulates that notice of such service (upon the Secretary of State) and a copy of the process shall be sent by registered mail by the plaintiff to the defendant at his last known address. The plaintiff has complied with this Act and asserts that by virtue of Rule 4(d) (7), Federal Rules of Civil Pro-

cedure, 28 U.S.C.A. following section 723c, the service had in this case gives the Court the necessary jurisdiction. Rule 4(d) (7) provides that service in the Federal Court shall be sufficient if made in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made. Since there is no federal statute covering this type of situation, the state statute and its relation to Rule 4(d) (7) must be examined.

■ The principal limitation upon the application of a state statute under Rule 4(d) (7) is the constitutionality of the statute. Before any state can subject a foreign corporation to the jurisdiction of that state, the corporation must have expressly consented to such jurisdiction or must have done sufficient acts to constitute a submission to such jurisdiction. International Harvester Company of America v. Commonwealth of Kentucky, 1914, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; Restatement, Conflict of Laws, sec. 89. In the case of foreign corporations these acts normally take the form of "doing business." It may be said that the "doing of business" by a foreign corporation is the minimum of acts that will subject that corporation to the jurisdiction of a state. Therefore, if a state statute goes below this minimum in granting the state jurisdiction, that statute is unconstitutional as a violation of due process of law. 14th Amendment to the United States Constitution. This result has been reached in a case arising in Arkansas. Cella Commission Co. v. Bohlinger, 8 Cir., 1906, 147 F. 419, 8 L.R.A.,N.S., 537. In the Bohlinger case the Arkansas Statute under interpretation was not limited to corporations doing business in Arkansas, and even though the corporation there was actually doing business, the service under the unconstitutional statute was held to be void. So, if Act 347 sets forth a standard below the constitutional minimum, it is invalid and necessarily Rule 4(d) (7) could be of no assistance to the plaintiff in this case. However, a statute is presumed to be constitutional and the Arkansas Legislature in passing this Act, and in using the language contained therein, must have intended that it apply only when the foreign corporation is "doing business" (as that expression has been defined by court decisions) in the State of Arkansas. If it be found that the defendant is not "doing business" then again, Rule 4(d) (7) can be of no assistance to the plaintiff since there would be no appropriate state law under which service could be had. Hedrick v. Canadian Pacific Railroad Co., D.C.Ohio, 1939, 28 F.Supp. 257; Moore's Federal Practice, Vol. 1, p. 315. Was the defendant doing business in Arkansas?

■ The often cited test for "doing business", as expressed by Mr. Justice Brandeis of the United States Supreme Court, is: "A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there." Philadelphia & Reading Railway Company v. McKibbin, 1917, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710. In factual situations similar to the one before the court the decisions have set out two categories: (1) the mere soliciting agent, and (2) the soliciting agent plus. It may be generally stated that if the corporation maintains a mere soliciting agent in the state, that corporation is not "doing business" for purposes of service under an appropriate state statute. International Harvester Company of America v. Commonwealth of Kentucky, supra; Roark v. American Distilling Co., 8 Cir., 1938, 97 F.2d 297; Hinchcliffe Motors, Inc., v. Willys-Overland Motors, Inc., D.C.Mass.1939, 30 F.Supp. 580; H. J. Heinz Co. v. Duke, 1938, 196 Ark. 180, 116 S.W.2d 1039; 146 A.L.R. 949. Those cases wherein the corporation was found to be "doing business" have factual situations in which the agent in the state does more than merely solicit orders. International Harvester Company of America v. Commonwealth of Kentucky, supra, (the agent was authorized to solicit orders, receive payment in money or take notes payable in Kentucky); Vilter Manufacturing Company v. Rolaff, 8 Cir., 1940, 110 F.2d 491,

440

(in addition to soliciting orders the agent maintained an office with the name of the company on the door and did actual work in the installation of the companies machines); Frene et al. v. Louisville Cement Co., 1943, 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 (the agent took orders, made regular calls on customers, made suggestions as to the materials sold, and in general promoted the good will of the company); Liquid Veneer Corporation v. Smuckler, 9 Cir., 1937, 90 F.2d 196, (the corporation shipped merchandise in bulk and warehoused it in California for use in filling orders in California); 146 A.L.R. 950. It is difficult to determine exactly where to draw the line, and necessarily each case must be examined as to its particular facts.

■ The fact that the transactions in this case were exclusively in interstate commerce is not conclusive. Although there may be found language in the Arkansas cases to the effect that a corporation engaged exclusively in interstate commerce may not be subjected to service of process by the state, the weight of authority, including the United States Supreme Court, reaches an opposite result. International Harvester Company of America v. Commonwealth of Kentucky, supra; Vilter Manufacturing Company v. Rolaff, supra; Restatement, Conflicts of Law, sec. 92. But, this fact is important in the determination of this case and should be borne in mind along with the other facts.

■ An analysis of the facts of the case at bar compels the conclusion that the defendant company was not engaged in "doing business" in Arkansas. The plaintiff was a mere soliciting agent of the defendant company, and his sole duty was to secure orders and send them out of the state to the defendant, who filled them and shipped the goods directly to the purchasers. The defendant company had no wholesalers in this state, maintained no stock of goods in this state and performed no other acts sufficient to support a finding of "doing business" in this state. This result is in conformity with that reached by the Eighth Circuit Court of Appeals in

Roark v. American Distilling Co., supra, a case with similar facts arising in this state. Also, it should be noted that it is immaterial that the cause of action arose in this state. This fact alone cannot confer jurisdiction over a foreign corporation not doing business here. Rosenberg Bros. & Company, Inc., v. Curtis Brown Company, 1923, 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; Amtorg Trading Corporation v. Standard Oil Co. of California, D.C.N.Y., 1942, 47 F.Supp. 466.

■ The cases cited by counsel for the plaintiff are not in point. The plaintiff contends that if service of summons is good under state law, it is valid in the Federal Court by virtue of Rule 4(d) (7), supra. In support of this position he cites several cases arising under non-resident motorists statutes. In the case of such a statute the non-resident subjects himself to the jurisdiction of the state by performing the act of driving a vehicle in the state, and by reason of this act he is deemed by law to have appointed a state official as his agent for purposes of service of process. Service in such cases, under appropriate state statutes, is undoubtedly valid in the Federal Court. However, the fallacy in the reasoning of the plaintiff is this. The defendant in the case at hand has not performed the necessary act or acts ("doing business") which would subject it to the jurisdiction of the state. Neither has the defendant complied with the State Corporation Laws nor expressly appointed an agent for service. When the plaintiff uses the non-resident motorists cases, in which the non-resident has performed the necessary acts, for authority, he is assuming the existence of the very point in issue; the "doing of business" by the defendant company. In other words, if it had been found that the defendant company was "doing business", then the citations of the plaintiff would have been applicable. It is clear, therefore, that since service was not valid by existing state law (Act 347), it is not valid in this Court.

The motion to quash should be sustained and the cause dismissed for lack of jurisdiction of the defendant.