HOT SPRINGS SCHOOL DISTRICT NO. 6 *v.* SURFACE COMBUSTION CORPORATION.

5-174                                    261 S. W. 2d 769

Opinion delivered November 9, 1953.

*Wood, Chesnutt & Smith, Wright, Harrison, Lindsey & Upton* and *Wootton, Land & Matthews,* for appellant.

*Richard M. Ryan, Bugbee, Johnston & Conkle* and *Barber, Henry & Thurman,* for appellee.

WARD, J. This appeal involves the question of service on a foreign corporation under Ark. Stats., § 27-350, and also under Act 347 of 1947 the first section of which Act appears in Ark. Stats. as § 27-612 and the second and third sections of which appear as § 27-340.

The trial court sustained a motion to quash service obtained on appellee, a foreign corporation domiciled in Ohio, and the only testimony taken before the trial judge was on that motion.

*Pleadings.* The question arose in this way: Appellant, Hot Springs School District No. 6 [hereafter referred to as "No. 6"] filed suit for damages against appellant, F. & J. Appliance Company [hereafter referred to as "F. & J."] which, it was alleged, breached its contract by installing defective heating equipment in three school buildings. F. & J., a partnership domiciled in Garland County, answered and also filed a cross-complaint against appellee, Surface Combustion Corporation [hereafter referred to as "Surface"], alleging that Surface had covenanted with it to furnish all equipment and materials and also complete engineering plans and service, and asked for judgment, if any was rendered against it, over against Surface in the same amount.

After F. & J. filed its cross-complaint No. 6 amended its complaint and made Surface a party defendant.

*Service.* Both F. & J. and No. 6 procured service on Surface, apparently as the trial judge thought, under Act 347 of 1947 by serving a copy of the summons on the Secretary of State and also by serving a copy on George Dillon who resided in Pulaski County and who, as was alleged, was Surface's agent in this state.

*Ruling of the Trial Court.* In sustaining Surface's motion to quash service the trial court ruled that Act 347 applied only to actions arising out of tort and, consequently, did not apply to this action on contract. Apparently no consideration was given to the possibility that Surface might have been properly served under the provisions of Ark. Stats., § 27-350. This section reads:

"Where the defendant is a foreign corporation having an agent in this state, the service may be upon such agent." It appears that such issue was involved in the motion.

We have reached the conclusion, for the reasons set out below, that the trial court was in error in sustaining the motion to quash service on Surface.

*Act 347 of 1947.* While it is true the first section of Act 347 contains language which tends to sustain the trial court's finding that the Act applies only to tort actions, yet the majority of this court concludes that the language of the Act as a whole, and particularly the language in §§ 2 and 3, makes it apply to actions on contract in certain instances. This conclusion is based on a portion of § 2 copied below:

"Any non-resident person, firm, partnership, general or limited, or any corporation not qualified under the Constitution and Laws of this State as to doing business herein, who shall do any business or perform any character of work or service in this State shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the Secretary of State, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or service, or as an incident thereto by any such non-resident, or his, its or their agent, servant or employee."

If it be conceded that § 1 of Act 347 applies only to tort actions then our interpretation of §§ 2 and 3 necessarily means the Act covers two different related subjects. This situation however does not militate against the constitutionality of the Act. In *Ewing* v. *McGehee,* 169 Ark. 448, at page 453, 275 S. W. 766, the following appears:

"It is also contended that the statute is void because the caption does not refer to all the matter contained in

the body of the act.  There is no provision in the Constitution of this State with respect to what the caption of statutes shall contain.  Our Constitution does not contain a provision so often found in State constitutions to the effect that statutes shall embrace only one subject, which shall be clearly stated in the caption.  Conceding that a statute is void which undertakes to legislate with reference to unrelated subjects, we do not find that the present statute is open to that objection.''

It does not follow however from the conclusion reached above that we are now holding the service on Surface in this action is good.  This is a question that must be passed on by the trial court after the introduction of testimony.  As indicated by the portion of § 2 of Act 347 copied above, it is necessary for the trial court to find that this cause of action ''accrued'' from Surface's ''doing  .  .  .  such business, or the performing of such work or service  .  .  .''  It also appears from that portion of said § 2 not copied that it is necessary for other things to be done before the service on Surface would be good and complete and this would also have to be.developed by testimony.  In the hearing before the trial court no testimony was introduced on either of these points.

*Arkansas Statute 27-350.*  This section which provides another method of obtaining service on non-resident corporations reads as follows:

''SERVICE ON FOREIGN CORPORATIONS.—Where the defendant is a foreign corporation having an agent in this State,.the service may be upon such agent.''

The nature, character and extent of the actions of the agent under this section necessary to constitute him an agent for service on a foreign corporation may be different from the acts necessary on the part of the corporation or agent under § 2 of Act 347.  The exact nature of these acts have been the subject of much litigation as is evidenced by the cases mentioned below: *McWhorter* v. *Anchor Serum Co.* (Ark.), 72 F. Supp. 437; *International Shoe Company* v. *The State of Washington, et al.,*

326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95; *Chapman Chemical Co.* v. *Taylor*, 215 Ark. 630, 222 S. W. 2d 820; *Rodgers* v. *Howard*, 215 Ark. 43, 219 S. W. 2d 240; *Green* v. *Equitable Powder Mfg. Co.* (Ark.), 99 F. Supp. 237.

We do not deem it necessary to comment on the holdings in the cases mentioned above or to comment on the evidence introduced in the trial court for the purpose of showing that Dillon was a proper agent for service. It was a question of fact for the trial court to decide whether the actions of Dillon, as disclosed by the evidence, were sufficient to constitute him an agent for service, but the trial court, as indicated above, did not pass on this question. It therefore becomes necessary to remand this case for further findings and action by the trial court.

In the case of *Shephard* v. *Hopson,* 191 Ark. 284, 86 S. W. 2d 30, there was involved a question of fact as to whether or not proper service was had, and in this connection the court said:

"Whether the place of service was at the usual place of abode of Virgie M. Shephard and whether such service was had on Mary J. Shephard were questions of fact, and we cannot say that the answer of the chancellor to these questions in the affirmative was against the preponderance of the evidence."

*Service by F. & J.* There is another question which is discussed. As previously stated, when F. & J. was sued by No. 6 it filed a cross-complaint against Surface and attempted to secure service by serving the Secretary of State pursuant to Act 347 and also by serving Dillon [presumably] under Ark. Stats., § 27-350, in Pulaski County. It is argued by appellee that, proceeding under § 27-350, service would be governed by Ark. Stats., § 27-613, which provides that "Every other action may be brought in any county in which the defendant or one of several defendants resides or is summoned." Therefore, it is urged, service on Dillon in Pulaski County was void because this action was brought in Garland County.

We do not deem it necessary to decide this issue now since the result of a retrial may render it non-essential.

In accordance with the above facts the cause is reversed and remanded for further proceedings.