**Elizabeth R. Porter, Plaintiff-Appellant, v. Jacques Nahas and Mrs. Jacques Nahas, Defendants-Appellees.**

**Gen. No. 48,629.**

First District, Second Division.

May 9, 1962.

■

361

Ashcraft, Olson & Edmonds, of Chicago (Rufus D. Beach, of counsel), for appellant.

Fischel, Kahn, Heart & Weinberg, of Chicago (Jay L. Olschan, of counsel), for appellees.

MR. JUSTICE BURKE delivered the opinion of the court:

Plaintiff, the owner of a Chicago apartment building, sued defendants, former tenants of the building, to recover damages alleged to have been occasioned by defendants' use of the apartment in violation of the terms of the lease. Personal service was had on defendants in New York. They appeared specially and contended that the words "ownership, use or possession of any real estate in this State," in Sec 17(1)(c) of the Civil Practice Act do not apply to causes of action arising from the occupancy of an apartment, particularly where the occupancy is under a written lease for a term of less than five years. The court upheld defendants' position and quashed the service of summons.

Plaintiff, who appealed, maintains that under Sec 17(1)(c) of the Civil Practice Act the court acquired jurisdiction of the defendants with respect to the cause of action because it arose out of defendants' possession or use of Illinois real estate. We have not been asked to decide whether the alleged actions of the defendants constituted "the transaction of any business" or the "commission of a tortious act" within this State, thereby submitting to the jurisdiction of the courts of our State. Defendants say that the leasehold constituted neither ownership, use or possession of real estate within the meaning of section 17, that the words "real estate" do not mean an apartment leasehold for a term of less than five years and that the interpretation given by the trial judge follows the true intent of

the legislators. Section 17 extends the jurisdiction of Illinois courts to all causes of action arising from the doing of designated acts in this State. We think that the cause of action comes within Sec 17(1)(c) which embraces all causes of action arising from "the ownership, use or possession of real estate situated in this State." The complaint alleges that the defendants were in "possession" of an apartment on the first floor of plaintiff's building in Chicago for four years under the terms of a two-year lease, which was renewed for an additional two years, that on its termination defendants surrendered possession of the apartment in badly damaged condition in violation of their express obligation under the lease to return the premises in as good condition as received, and that plaintiff has the right to recover the damages thereby suffered and attorney's fees.

█ It is to be noted that the requirements for jurisdiction are in the disjunctive. Section 17(1)(c) applies if any one or more of the three grounds for jurisdiction exists, namely, "ownership," "use" or "possession." A tenant under a lease of real estate is in possession and using the real estate. See 51 CJS p 509. The Forcible Entry and Detainer Act (Ill Rev Stats 1961, c 57) is a possessory action and involves solely the right to possession of real estate. The most common use of the action is by the fee owner to recover possession of real estate from a tenant, but a tenant entitled to possession is the proper person to bring the action for possession. Defendants' relation to the real estate was also that of "user."

█ Every element of convenience and justice supports the application of the statute to the defendants in this case. Every fact from which the asserted cause of action arose occurred in Illinois. Defendants resided here in pursuance of their own interests. While here they were entitled to the protection and benefits

of our laws, including the right to relief in our courts. In the course of their residence they leased an apartment in Chicago for their own comfort and convenience. While occupying the apartment the defendants are alleged to have violated the terms of their lease, causing extensive damage to the premises, for which damages, if proved, they are liable to the owner of the fee. Illinois law governs the rights of the parties. Witnesses other than the defendants are available here. It is reasonable that they submit to the effective enforcement of the law with regard to liabilities arising out of their possession and use of the real estate.

██ ██ Defendants' position appears to be that a tenant for a term of less than five years, while owning an interest in real estate, does not own real estate, and that if such a tenant is not considered the owner of real estate it follows that he is not in possession of or using the real estate. Defendants conclude that the words "ownership, use or possession of any real estate" does not apply to them as they were tenants under a lease of less than five years' duration. They cite Section 3 of Chapter 77 relating to judgments, decrees and executions, that the term "real estate" when used in that Act includes lands, tenements, hereditaments and "leasehold estates when the unexpired term exceeds five years." Plaintiff could as well rely on Section 38 of the Conveyances Act (Ill Rev Stats 1961, c 30, § 37) which defines the term "real estate" as used in the Act as coextensive in meaning with lands, tenements and hereditaments and as embracing all chattels real. Obviously a definition specifically limited in application to a particular statute, such as the Act dealing with conveyances or the Act dealing with judgments, can have no application to another Act. The Legislature might have adopted the definition desired by defendants in Section 17 of the Civil Practice Act, but did not do so. We are of the opinion that the

364

ownership of any interest in real estate, whether as a tenant for one month, one year, five years, 99 years or life is sufficient to bring that person within the ambit of Section 17 as an owner of real estate.

Defendants discuss the Pennsylvania statute which subjects non-residents to the jurisdiction of the Pennsylvania courts in favor of any "owner, tenant or user of real estate" for actions arising out of any accident or injury occurring in Pennsylvania in which such real estate is involved, and argues that because the Illinois statute does not use the word "tenant" it must have been intended to exclude tenants. The Illinois Act is much broader than the Pennsylvania statute. Our Act embraces any person in any cause of action arising from the ownership, possession or use of real estate. Instead of defining what particular owner, possessor or user is intended, it includes all owners, users or possessors. A tenant, by the very nature of his relationship with the lessor, is in possession of and using real estate and is necessarily included. The language of Sec 17(1)(c) plainly applies to the cause of action against the defendants which arose out of their possession and use of Illinois real estate as lessees of plaintiff.

The order quashing the service of summons is reversed and the cause is remanded with directions for further proceedings.

Order reversed and cause remanded with directions.

FRIEND, P. J. and BRYANT, J., concur.