**ASSOCIATES FINANCIAL SERVICES OF OKLAHOMA, INC., Appellant,**

v.

**Louis A. KREGEL, also known as L. A. Kregel, and Joyce N. Kregel, Appellees.**

**No. 48793.**

Court of Appeals of Oklahoma, Division No. 1.

May 11, 1976.

Released for Publication by Order of Court of Appeals June 3, 1976.

Yon & Yon by Charles C. Yon, Oklahoma City, for appellant.

John F. Hudson, Stigler, and Earl Boyd Pierce, Ft. Gibson, for appellees.

REYNOLDS, Presiding Judge:

The plaintiffs appealed the denial of a motion for new trial on the question whether an Oklahoma Court has personal jurisdiction over a non-resident defendant in an action to foreclose a mortgage on Oklahoma property that was executed in another state.

Louis A. Kregel, the defendant and appellee, purchased from the Eufaula Development Corporation four lots located at Treasure Cove No. 3, in Haskell County, Oklahoma. He executed two separate notes and mortgages to Eufaula Development payable in monthly installments. The notes and mortgages, executed in the State of Texas where the defendants reside, were assigned to Associates Financial Services of Oklahoma, Inc., the plaintiff and appellant. After making several payments on the notes the defendant defaulted. On February 26, 1975, the plaintiff filed its petition in Haskell County District Court praying for foreclosure of its mortgages and judgment in personam on the notes. Joyce N. Kregel was made a defendant by reason of being Louis A. Kregel's wife. The defendants were served in Texas, by certified mail, return receipt requested. Their motion to quash was overruled but their objection to personal jurisdiction was sustained and the defendants were dismissed from the case insofar as their personal liability on the notes was concerned. The plaintiffs appealed on the ground that the Oklahoma Court has personal jurisdiction of the defendants under the long-arm statutes, 12 O.S.1971, §§ 187 and 1701.03.

The constitutional test of due process

". . . requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Company v. Washington,* 326 U.S. 310 at p. 316, 66 S.Ct. 154 at p. 158, 90 L.Ed. 95 (1945).

This statement was considered in *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) wherein Chief Justice Warren stated: "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him." In that case the Supreme Court found that although the settlor of a trust resided in Florida when she died, in an action to declare the trust invalid, "the defendant trust company has no office in Florida, and transacts no business there

. . ." and the cause of action did not arise ". . . out of an act done or transaction consummated in the forum State." Hanson limited the rule expressed in *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), wherein a Texas insurance company was forced to defend an action in California brought by a California resident to recover on an insurance policy because of California's interest in the case and the importance to the claimant-beneficiary of being permitted to bring the action in his home state.

No authorities considering the question at bar have been cited or found in this or any other jurisdiction. The question of whether mere ownership of land is a sufficient minimum contact to constitutionally confer personal jurisdiction under the "fair play and substantial justice" test as defined by the above cited cases was considered by Professor Robert A. Leflar, who wrote:

". . . actions based on contracts, whether made locally or out of the state, concerning local property interests, come clearly within the area of permissibility indicated by the United States Supreme Court in *McGee v. International Life Ins Co.* . . ." R. Leflar, American Conflicts Law, § 43 at p. 86 (1968).

12 O.S.1971, § 1701.03 provides:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

"(1) transacting any business in this state;

"(2) contracting to supply services or things in this state;

"(3) causing tortious injury in this state by an act or omission in this state;

"(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;

"(5) having an interest in, using, or possessing real property in this state; or

"(6) contracting to insure any person, property, or risk located within this state at the time of contracting; or

"(7) maintaining any other relation to this state or to persons or property including support for minor children who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States."

Service was upheld in Arkansas under an essentially identical long-arm statute in a realtor's action against an out-of-state owner of Arkansas land, brought to recover the realtor's commission for finding a purchaser for the Arkansas land. *Bowsher v. Digby*, 243 Ark. 799, 422 S.W. 2d 671 (1968). In a similar case service was upheld under the Idaho long-arm statute. *Tandy & Wood, Inc. v. Munnell*, 97 Idaho 142, 540 P.2d 804 (1975). In Colorado, service on a non-resident was held to be valid in an action for breach of contract to purchase land. *Dwyer v. District Court, Sixth Judicial District*, Colo., 532 P.2d 725 (1975).

In these three cases personal jurisdiction was held to arise under provisions stating that the court had jurisdiction over defendants in causes of action arising from the "ownership, use or possession of any real property situate within this state." Idaho Code § 5-514(c); "the ownership, use, or possession of any real property situated in this state." 1965 Perm.Supp., Colo.Rev. Stat. 37-1-26 (1)(d); and "having an interest in, using, or possessing real property in this state." Ark.Stat.Ann. § 27-2502 subd. 1(e). These provisions are essentially the same as 12 O.S.1971, § 1701.03 (a)(5) which extends personal jurisdiction

in actions arising from a defendant's having an interest in, using or possessing real property in this state.

The Oklahoma long-arm statutes were intended to extend the jurisdiction of Oklahoma Courts over non-residents to the outer limits permitted by the due process clause of the United States Constitution. *Fidelity Bank, N. A. v. Standard Industries, Inc.*, 515 P.2d 219 (Okl.1973). The question for this Court, then, is to determine whether, under the facts in this case, the cause of action arose from the defendants having an interest in Oklahoma realty. The instant case involves purchase money mortgages. The notes and mortgages were given in order to purchase the land. Without the purchase of the land and the interest thereby created, the notes and mortgages would not have been executed.

We hold that the Oklahoma Court has jurisdiction over the defendants in this action. Premises considered, this cause is remanded to the District Court for further proceedings.

REVERSED and REMANDED.

BOX and ROMANG, JJ., concur.