372 So.2d 111 (1979)
FIRST NATIONAL BANK OF SEARCY, ARKANSAS, a National Banking Corporation, Appellant,
v.
Joseph P. COLLINS and Geneve H. Collins, Husband and Wife, Appellees.
No. 78-2113.
District Court of Appeal of Florida, Second District.
May 18, 1979.
Rehearing Denied June 13, 1979.
*112 C. Philip Campbell, Jr. of Battaglia, Ross, Stolba & Forlizzo, St. Petersburg, for appellant.
Lemuel S. Hunnicutt, St. Petersburg, for appellees.
BOARDMAN, Judge.
Appellant First National Bank of Searcy (Bank) instituted this action in the Circuit Court of Pinellas County to establish a judgment entered in Arkansas as a Florida judgment. Appellees, Joseph P. and Geneve H. Collins, filed a motion to dismiss Bank's second amended complaint alleging that the Arkansas judgment was not valid in Florida for the reason that personal jurisdiction had not been obtained over appellees in the Arkansas action. After a hearing, the trial court entered its order granting the motion to dismiss with prejudice. This timely appeal followed. The question for our determination is whether the Arkansas court had personal jurisdiction over appellees.
The documents before the circuit court showed that the Bank brought suit in Arkansas against appellees to foreclose a mortgage on appellees' real property in Arkansas. Appellees were Florida residents. To effect service, Bank mailed a letter with a return receipt request to appellees at *113 their home address in St. Petersburg, Florida. Enclosed was a copy of the complaint, affidavit, and notice of lis pendens which had been filed in Arkansas. Appellees' Florida attorney responded by making inquiry into the case, but took no other action on behalf of appellees. A default judgment was entered against appellees. After sale and confirmation of the mortgaged property a deficiency judgment was entered in favor of Bank in the amount of $8,456.37 plus interest and costs. No part of that judgment has been paid. Bank then brought this action to establish that Arkansas judgment as a Florida judgment alleging that the foreign judgment was a valid in personam judgment entitled to full faith and credit in our courts. We agree with Bank and reverse the trial court.
It is well settled that in an action to establish a foreign judgment, the question of whether the court which rendered the judgment had jurisdiction over the person is open to challenge. National Equipment Rental, Ltd. v. Coolidge Bank & Trust Co., 348 So.2d 1236 (Fla. 2d DCA 1977).
To resolve the issue before us we must first determine whether jurisdiction was obtained in compliance with Arkansas' long-arm statute, and if so, determine if the assertion of jurisdiction comports with due process. Founding Church of Scientology of Washington, D.C. v. Verlag, 175 U.S. App.D.C. 402, 536 F.2d 429 (1976).
The jurisdictional provisions of the Arkansas statute are set forth in Section 27-2502, Arkansas Statutes, which reads as follows:
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's . .
(3) having an interest in, using, or possessing real property in this state
... .
Section 27-2503, Arkansas Statutes, provides that:
When the law of this State authorizes service outside this State, the service, when reasonably calculated to give actual notice, may be made ...
(c) by any form of mail addressed to the person to be served and requiring a signed receipt... .
Since appellees owned real property in Arkansas, they were subject to personal jurisdiction under the statute. Service of process was perfected by giving notice by mail. Therefore, in our opinion, the Arkansas statutory requirements were substantially satisfied. The record shows appellees had actual notice.
We see nothing in this statute which offends the due process standards enunciated in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Further, the Arkansas long-arm statute was held constitutional under similar circumstances in Bowsher v. Digby, 243 Ark. 799, 422 S.W.2d 671 (1968). Minimum due process requires only that the plaintiff show (1) the defendant purposefully acts or causes consequences in the forum state, (2) the cause of action arises from the defendant's activities there, and (3) the acts or consequences caused have substantial connection with forum. Horace v. American National Bank and Trust Co., 251 So.2d 33 (Fla. 4th DCA 1971). In the case before us the ownership of the property was a purposeful act, the cause of action arose from the ownership, and the property was located in Arkansas. Therefore, the Arkansas court did have personal jurisdiction over appellees. Accordingly, it was error to dismiss appellant's complaint.
The order appealed is reversed, and the case remanded for further proceedings.
REVERSED and REMANDED.
HOBSON, A.C.J., and OTT, J., concur.