**FIRST TEXAS SAVINGS ASSOCIATION, a savings association organized pursuant to the laws of the State of Texas, Plaintiff,**

**Federal Deposit Insurance Corporation, Substituted Plaintiff,**

**First Gibraltar Bank, F.S.B., Intervening Plaintiff/Appellant,**

**v.**

**David E. BERNSEN, Ronald D. Pephens, Michael E. Birnie, Russell S. Sampson, L.B. Windham, John J. Plotnik, Jay W. Lorch, John H. Lindsey, Dale B. Elmore, C. Jackson Grayson, Jr., Douglas A. Dawson, Peter Marr, W.E. Penland, and Hanaho, Ltd., a Texas limited partnership, John J. Redfern III, Roberta Redfern Garst, and Rosalind Redfern Grover, general partners, Appellees,**

**and**

**OKC Partners, Ltd., a Texas limited partnership, et al., Defendants.**

**No. 86086.**

Court of Appeals of Oklahoma, Division No. 4.

March 26, 1996.

Rehearing Denied May 14, 1996.

Certiorari Denied July 10, 1996.

---

Mark W. Kuehling, Lamun, Mock, Featherly, Kuehling & Cunnyngham, Oklahoma City, for Appellant.

Karen L. Howick, James P. Woodruff, Howick & Associates, Oklahoma City, for Appellees L.B. Windham, et al.

Jackie L. Hill, Jr., Day, Edwards, Federman, Propester & Christensen, Oklahoma City, for Appellees David E. Bernsen, et al.

### MEMORANDUM OPINION

TAYLOR, Presiding Judge.

Appellant, First Gibraltar Bank, F.S.B. (First Gibraltar), appeals from the trial court's grant of motions to dismiss by certain defendants pursuant to 12 O.S.1991 § 2012(B)(2), for lack of personal jurisdiction. The appeal is filed pursuant to the accelerated procedures of Civil Appellate Procedure Rule 1.203(A), 12 O.S.Supp.1995, ch. 15, app. 2. Finding error in the trial court's determination that it lacked personal jurisdiction over the defendants in question, we reverse.

In March 1988, the original plaintiff herein, First Texas Savings Association (First Texas), filed a foreclosure petition in Oklahoma County District Court concerning two Oklahoma County properties on which it held mortgages, the Town and Country Shopping Center and the Courtyard Plaza Shopping Center. The case was assigned Case No. CJ–88–3536. In its foreclosure petition, First Texas named as defendants OKC Partners, Ltd., a Texas limited partnership (OKC Partners), and all of its partners, including the following limited partners: David E. Bernsen; Michael B. Birnie; Douglas A. Dawson; Dale B. Elmore; C. Jackson Grayson, Jr.; Hanaho, Ltd., and its general partner, John J. Redfern, III; John H. Lindsey; Jay W. Lorch; Peter L. Marr; W.E. Penland, Jr.; Ronald D. Pephens; John J. Plotnik; Russell S. Sampson; and L.B. Windham. In addition to seeking foreclosure, the petition sought judgments against the named limited partners for personal liability on certain promissory notes and guaranty agreements executed in connection with the property loans.

On May 2, 1988, an entry of appearance was filed on behalf of, among other defendants, Birnie, Dawson, Elmore, Grayson,

Hanaho, Ltd., Redfern, Lindsey, Lorch, Marr, Penland, Plotnik, Sampson, and Windham by their counsel, Karen Howick. All except Birnie and Sampson are hereinafter collectively referred to as the "Howick Defendants." The appearance stated that it was filed pursuant to 12 O.S.Supp.1984 § 2012(A), and reserved an additional twenty days to answer. This appearance was followed by the Howick Defendants' answer and counterclaim, filed May 24, 1988, which also contained affirmative defenses asserting the district court's lack of personal jurisdiction.

On the same day that the Howick Defendants' answer was filed, OKC Partners filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Western District of Oklahoma. OKC Partners then removed the state court proceeding to bankruptcy court, where it was assigned a number as an adversary proceeding. In 1989, First Gibraltar was permitted to intervene in that proceeding as a plaintiff, asserting that it had acquired substantially all of the assets of First Texas, which, in the meantime, had been declared insolvent. Ultimately, the bankruptcy court transferred the case back to state district court, where it retained the same case number—i.e., CJ–88–3536. The Howick Defendants thereafter sought, and were granted, leave of court to "amend" their "answer" in the case so as to respond to First Gibraltar's complaint. The "amended answer," filed in January 1993, raised lack of in personam jurisdiction as an affirmative defense. At no time prior to March 1995, however, was a motion to dismiss for lack of personal jurisdiction filed on behalf of the Howick Defendants.

The appearance docket reflects little activity in the case until March 1995, when the Howick Defendants [1] moved to dismiss based on 12 O.S.1991 § 2012(B)(2). The trial court granted this motion. While First Gibraltar's motion to reconsider was pending, four other defendants in the case filed motions to dismiss on the same grounds. These defen-

---

1. Defendants listed as bringing the motion to dismiss are Windham, Plotnik, Lorch, Lindsey, Elmore, Grayson, Dawson, Marr, Hanaho, Ltd., limited partnership and its general partners (listed as Redfern, Roberta Redfern Garst, and Rosalind Redfern Grover), and Penland.

dants—Birnie, Sampson, Bernsen, and Pephens—were represented at the time by counsel Jackie Hill, and thus are referred to collectively as the "Hill Defendants."[2] The trial court granted the Hill Defendants' motions to dismiss as well, and denied First Gibraltar's motion for reconsideration.[3]

██ First Gibraltar has appealed. It asserts, first, that Birnie, Sampson, and the Howick Defendants waived any objection they might have had to the trial court's personal jurisdiction when they filed an entry of appearance pursuant to section 2012(A). We agree.

██ The language of section 2012(A) is explicit that a defendant's filing of an otherwise unqualified appearance under that section "waives defenses of paragraphs 2, 3, 4, 5, 6, and 9 of [section 2012(B)]." Had the Howick Defendants wished to reserve their right to assert lack of personal jurisdiction as a defense, they could have done so by qualifying their appearance as such. *See Young v. Walton,* 807 P.2d 248 (Okla.1991).

██ We reject the Howick Defendants' argument that removal of the case to bankruptcy court, and suspension of the state court's jurisdiction, somehow revived those defendants' right to assert an objection they already had waived. "Jurisdiction of the court once acquired is not lost or divested by subsequent events." *Russell v. McGinn,* 514 P.2d 658, 660 (Okla.1973). Remand from the bankruptcy court to state court puts the case in the same posture as it was in immediately prior to removal. The record reflects that the case originally filed by First Texas is the same as the one before the court when defendants' motions to dismiss were granted, and that the claims by First Gibraltar are substantially the same as those of First Texas. The Howick Defendants' general appearance in the case waived any right they might have

had to object based on a purported lack of personal jurisdiction. The trial court's decision otherwise, in the face of such waiver, was error.

██ Even if we agreed that the Howick Defendants did not waive their objection to personal jurisdiction, however, we find error in the trial court's determination that it lacked personal jurisdiction under the circumstances of this case. The basis for all of the defense motions to dismiss was that none of the defendants in question—i.e., neither the Howick nor the Hill Defendants—had sufficient "contacts" with the state of Oklahoma to satisfy the requirements of due process.

██ Whether a defendant's activity in a state satisfies due process depends on the facts of the particular case. However, as stated by the Oklahoma Supreme Court in *Hough v. Leonard,* 867 P.2d 438, 442 (Okla. 1993) (emphasis added, footnotes omitted):

> When a non-resident deliberately engages in significant activities in a forum state *or creates continuing obligations between the non-resident and the residents of the forum,* the non-resident submits to the jurisdiction of the state. Jurisdiction may not be avoided merely because the non-resident did not physically enter the forum state. Jurisdiction under the long-arm statute [12 O.S.1991 § 2004(F)] is predicated on foreign state activity which results in forum state harm.

The court in *Hough* further noted that "[t]he foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum state is such that the person should reasonably anticipate being hailed into court there." *Id.* at n. 11 (citing *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

---

**2.** Birnie and Sampson apparently had retained Hill as their counsel at some point during the interim.

**3.** In its orders granting judgment to the Howick and the Hill Defendants, the trial court made the

requisite findings under 12 O.S.Supp.1995 § 994, that the orders were to be considered "final" and that there was no just reason for delay, allowing the current appeal to go forward.

The record here contains considerable evidence that the defendants in this case should "reasonably have anticipated" that they would, at some point, be "hailed into court" in Oklahoma, thus establishing the minimum contacts necessary for the district court to assert personal jurisdiction over them. OKC Partners' limited partnership agreement lists, as the only partnership business, the acquisition, improvement, operation, and management of real and personal property in Oklahoma. The Howick and the Hill Defendants executed notes and guaranties for the purpose of enabling the partnership to buy Oklahoma property, presumably with the intent that the property would generate rents and income, on a continuing basis, that would benefit the partnership and its partners. Further, when the partnership voluntarily decided to file bankruptcy, it did so not in Texas, but in Oklahoma.

In *Associates Financial Services of Oklahoma v. Kregel*, 550 P.2d 992 (Okla.Ct.App. 1976), the court of appeals held that sufficient contacts were established to assert personal jurisdiction over a Texas resident who had executed notes and mortgages, in Texas, for the purchase of Oklahoma properties. The court found particularly significant that "[w]ithout the purchase of the land and the interest thereby created, the notes and mortgages would not have been executed." *Id.* at 995. We find a similar situation presented here, as to both the Howick and the Hill Defendants. We therefore hold that the Oklahoma district court has jurisdiction over the non-resident defendants who are parties to this appeal.

Accordingly, the decision of the trial court is reversed, and this cause is remanded for further proceedings.

REVERSED AND REMANDED.

RAPP, C.J., and REIF, J., concur.