Rose, L,
concurring and dissenting:
I concur in the analysis set forth in the majority opinion, except for the final conclusion that the appellants’ interest in the West Virginia property was insufficient to justify the exercise of personal jurisdiction over them. To this conclusion I dissent.
Jurisdictional assertions based on ownership of property within the forum state must meet the traditional minimum contacts test. Shaffer v. Heitner, 433 U.S. 186, 213 (1977). However, where the property gives rise to and is the subject matter of the litigation, a finding of personal jurisdiction generally will not offend due process. Id. at 207. Moreover, in considering whether a party has minimum contacts with the forum, “the presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation.” Id. Stated another way, “the property itself, as a contact, may tip the balance in favor of exercising jurisdiction and may, *1038 itself, be a sufficient contact in certain actions.” 16 James Wm. Moore, Moore’s Federal Practice § 108.80[1] (3d ed. 1998); see also Equitable Trust Co. v. O’Neill, 420 A.2d 1196, 1199 (Del. Super. Ct. 1980) (holding that non-residents’ “interest in, use and possession” of real property in the forum state constituted minimum contacts so as to allow litigation arising out of mortgage default to proceed in the forum state).
The appellants were limited partners in Silver State Oil and Gas, which had acquired a leasehold interest in West Virginia real property for the purpose of conducting oil exploration. The leasehold interest was subsequently transferred to the various limited partners, which included the appellants. Presumably, the appellants knew that oil drilling would be done on the property and they anticipated profits arising out of this activity as both investors and then as holders of a possessory interest in the West Virginia land. On these facts, the district court properly concluded that the West Virginia court had jurisdiction over the appellants. See International Leasing, Inc. v. Anderson, 410 F.2d 303, 305 (10th Cir. 1969) (“Through the instrumentality of the partnership, the individual partners purposefully availed themselves of the privilege of conducting business activities in [the forum state] and invoked the benefits and protections of its laws to satisfy their personal economic desires. This is enough to invoke the long-arm statute and to subject them to personal jurisdiction.”); First Texas Savings Ass’n v. Bernsen, 921 P.2d 1293, 1297 (Okl. Ct. App. 1996) (concluding that forum state had personal jurisdiction over non-resident limited partners where partnership’s only business was the acquisition, improvement, operation, and management of real property in the forum state).
The appellants argue that they never accepted the lease assignment from Silver State Oil and Gas. This issue was not asserted in the district court and issues raised for the first time on appeal need not be considered by this court. Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). While this defense may have been successfully asserted in both the West Virginia and Nevada litigation (but see Bernsen, 921 P.2d at 1297), the rendition of the judgment by a West Virginia court that had jurisdiction over the appellants precludes that defense from being raised at this time.
The majority opinion also concludes that it would be unreasonable to require the Nevada limited partner investors to defend themselves in the West Virginia litigation. Appellants’ status as limited partners changed when Silver State conveyed its leasehold interest to them, which “[tipped] the balance in favor of exercising jurisdiction.” Moore, supra. Moreover, when an individual has an ownership interest in an entity that conducts oil exploration *1039 on land acquired in another state, it is not unreasonable for the individual owner to anticipate that he may have to defend himself in the forum where the exploration activity is conducted. This will undoubtedly mean additional costs and litigation in a foreign state, but I do not believe that this inconvenience makes the exercise of jurisdiction unreasonable and, therefore, unconstitutional.
For these reasons, I would affirm the judgment entered by the district court.