M. E. RATLIFF *v.* Allen C. THOMPSON, Jr. et al

79-275                                    590 S.W. 2d 291

Opinion delivered December 10, 1979
(In Banc)

*Nance, Nance, Fleming & Wood,* by: *Stephen K. Wood,* and *Cotton & Blancett,* by: *George Blancett,* Memphis, Tenn., for appellant.

*Vincent E. Skillman, Jr.,* of *Skillman & Durrett,* by: *Jim L. Julian,* for appellees.

DARRELL HICKMAN, Justice. The only issue on appeal in this case is whether a non-resident of Arkansas, who contracted to buy Arkansas land, is subject to the personal jurisdiction of an Arkansas Court in a foreclosure suit on the land.

This lawsuit involves the sale of land located in Crittenden County, Arkansas. The appellant, M. E. Ratliff, signed a contract to buy the land in November, 1976; in March, 1977, the transaction was closed. However, the named purchaser when the deal was closed was not Ratliff, but the W. D. George Cotton Company, a company in which Ratliff owned half the stock.

Two Mississippi banks held mortgages on the land. When the mortgage obligations were not met, the banks brought a foreclosure action against the seller-appellee, who made the appellant a third party defendant. The appellant made a special appearance, which he has preserved, to argue that he is not subject to suit in this case in Arkansas. The chancellor held otherwise and we agree with the chancellor's decision.

It is not disputed that the appellant is a resident of Tennessee, that the negotiations took place in Tennessee, and that the transaction was closed in Tennessee. The chancellor held that Ratliff had an interest in the land and Arkansas had personal jurisdiction under Ark. Stat. Ann. § 27-2502. That statute reads in part:

C. Personal jurisdiction based upon conduct.

1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to (cause of action) (claim for relief) arising from the person's

. . .

(e) having an interest in, using, or possessing real property in this State; . . .

This part of the statute was held to be constitutional in *Bowsher* v. *Digby,* 243 Ark. 799, 422 S.W. 2d 671 (1968). The due process clause of the Fourteenth Amendment to the United States Constitution requires a defendant have certain minimum contacts with a state before the courts of that state can exercise jurisdiction over him. *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945). We believe the contracts provided for in the part of the statute quoted above are sufficient to justify the exercise of jurisdiction by our courts over causes of action arising out of such contacts. See *Krone* v. *AMI, Inc.* 367 F. Supp. 1141 (E.D. Ark. 1973).

The chancellor's findings were based on conflicting testimony. The appellees offered testimony that because Ratliff was separated from his wife and a divorce action might be filed, the property, contrary to the provisions of the contract, should be placed in some name other than his. At the March closing the papers were changed to show that the W. D. George Cotton Company would be the buyer. The purchase price remained the same. Two witnesses testified that the reason the buyer's name was changed was because Ratliff might be involved in a divorce action. A lawyer from Mississippi, who was present at the closing, testified as follows:

Q. What I am concerned with, Mr. Freeland, prior to March 4, 1977, were the documents or your information or whatever you prepared, was it for M. E. Ratliff, individually, or W. D. George Cotton Company?

A. The contract was between M. E. Ratliff, individually, and Mr. Thompson's corporations. All of the documents were prepared for M. E. Ratliff, individually.

Q. Well, what happened about them having to be changed to W. D. George Cotton Company? Were you

present when any discussion occurred about this between Mr. Ratliff, Mr. Thompson?

A. On the day of the closing, the morning of the closing . . .

Q. All right, sir.

A. I had the documents prepared for signature by Mr. Ratliff, individually. There was a problem with regard to Mr. Ratliff's wife, whose name, I believe, is LaDonna A. Ratliff. There was a problem as to, whether or not, she would be willing to sign the deed of trust in Tennessee and the mortgage in Arkansas. They were estranged at the time.

Q. Who advised you of that fact?

A. Mr. Ratliff.

Q. All right.

A. And he suggested that —

Q. Now, who is "he?"

A. Mr. Ratliff suggested that the transaction not be closed in his name, individually, but that it be closed in the name of the W. D. George Cotton Company. And that, as far as I know, was the first time they came into the picture.

Ratliff denied that this was the case. He said his original contract had been abandoned by mutual consent and that he did not suggest the name be changed.

The chancellor, in announcing his findings, said:

. . . But it does appear to the Court that at the time of the execution of the contract by Mr. Ratliff, he became the equitable owner of certain Arkansas realty. That the passing of title to W. D. George Cotton Company, Inc. was done at his request and suggestion. The Court finds

there's never been any abandonment of that contract. And all that has expired subsequent to the execution of that contract was with Mr. Ratliff's knowledge and at his direction.

Therefore, it was simply a question of fact. The chancellor found that Ratliff had an interest in Arkansas realty and that this cause of action arose out of that interest.

On review we look to see if the chancellor's finding of fact is clearly erroneous. Rules of Civil Procedure, Rule 52. Since we cannot say that the chancellor's conclusion was erroneous, we affirm the decree.

Affirmed.

Harris, C.J., and Byrd, J., not participating.