Thomas J. McMURTRAY *v.* Patricia McMURTRAY

81-215                                      629 S.W. 2d 285

Supreme Court of Arkansas
Opinion delivered March 15, 1982

*Howell & Price, P.A.,* for appellant.

*John C. Calhoun* of *Owens, McHaney & Calhoun,* for appellee.

FRANK HOLT, Justice. This appeal questions the chancellor's division of property in a divorce action. Appellant argues that the chancellor erred in holding that a nonfunded account, which appellant owned in a corporation, had vested and was marital property subject to equal division. Ark. Stat. Ann. § 34-1214 (Supp. 1981) (Act 705 of 1979).

Appellant was employed in 1973 by a corporation which was partly owned by appellee's father. In 1977, during the parties' first marriage of 15 years, the company gave him an incentive contract by the terms of which appellant would own the equivalent of 5% of the book value of the corporation's common stock at the end of each fiscal year. The stock was nontransferable. The account was distributable or payable to appellant or his estate upon his death, resignation, or termination of employment. His employer retained the option to make a distribution in a lump sum or pay 25% initially and the balance, without interest, within one year or purchase an annuity. The appellant argues his contractual right in the nonfunded account was acquired in 1977 as his sole and separate property, remained his property after his 1978 divorce and continued to be his separate property upon the parties' remarriage in 1979 notwithstanding their 1978 property settlement agreement by which appellee relinquished her interest in the stock. In other

words, appellant asserts that the stock he owned in the corporation was not marital property since it was acquired before and not during their second marriage.

Section 34-1214 (B) (5) provides:

For the purpose of this statute, 'marital property' means all property acquired by either spouse subsequent to the marriage except:

The increase in value of property acquired prior to the marriage.

In a property settlement at the time of their first divorce, the appellee relinquished any rights she had to any "stock" in the company in exchange for the equity in their home. We have said that a property settlement survives a reconciliation unless the court can find an intention or express agreement that it shall not survive. *Arnold* v. *Arnold,* 261 Ark. 734, 553 S.W. 2d 251 (1977). Here, the trial court held it was the parties' intentions to abrogate the property settlement when they remarried. He found that the property each possessed as a result of their first divorce was brought back into the second marriage and used as joint property with "intent to make it a family." It is undisputed that upon remarriage, after nine months, the appellee took $10,000, the balance of the $13,000 equity in their home which she had received pursuant to the property settlement, and used it as a down payment on another home for themselves. The property was titled in their joint names. Both signed a note and mortgage to her mother for additional funds to purchase a new home. The appellant placed his paycheck into a joint account, and appellee wrote checks to pay their expenses. They filed a 1979 joint income tax return.

The finding of a chancellor on a fact question will not be disturbed on appellate review unless the finding is clearly erroneous (clearly against the preponderance of the evidence). ARCP. Rule 52, Ark. Stat. Ann. Vol. 3A (Repl. 1979). *Ratliff* v. *Thompson,* 267 Ark. 349, 590 S.W. 2d 291 (1979). Here, we cannot say the chancellor's finding is clearly erroneous that the settlement was abrogated by the intention

and actions of the parties and that the corporate account was marital property subject to equal division.

In the alternative, the appellant argues the benefits he would receive under the incentive agreement with his employer were "retirement benefits" which should not be considered marital property inasmuch as the value of the benefits or balance due on the account is speculative, citing *Paulsen* v. *Paulsen*, 269 Ark. 523, 601 S.W. 2d 873 (1980); *Knopf* v. *Knopf*, 264 Ark. 946, 576 S.W. 2d 193 (1979); *Lowrey* v. *Lowrey*, 260 Ark. 128, 538 S.W. 2d 36 (1976); *Fenny* v. *Fenny*, 259 Ark. 858, 537 S.W. 2d 367 (1976). These cases are inapplicable. Here, appellant terminated his employment in July, 1980, during the parties' marriage or preceding the second divorce. At that time his employment agreement was modified whereby appellant would be paid immediately, as of August 15, 1980, 25% of his corporate fund for the preceding fiscal year, which ended September 30, 1979. According to appellant, his corporate fund on that date was worth about $82,000 ($22,000 in 1977, $40,000 in 1978). He was paid about $20,500 with the understanding that upon completion of the audit for the fiscal year 1980, he would be paid the reflected balance, without interest, within one year or by July 1981. The chancellor correctly held that his interest in the company stock was vested and fully distributable to him as of July, 1980, and, therefore, marital property subject to equal division on the date of their divorce in January, 1981. *Bachman* v. *Bachman*, 274 Ark. 23, 621 S.W. 2d 701 (1981).

Appellant next asserts that appellee is not entitled to one-half of the account before income taxes inasmuch as it would result in an unequal distribution of the property; i.e., appellant will be subject to payment of all the tax on this item of marital income, resulting in appellee's portion being tax free. Therefore, appellant argues the income tax on this marital property should be equally divided. Stated another way, there is no equal division of this item which the chancellor specifically held to be marital property with each being entitled to a one-half share. Appellee responds that this argument was not presented to the trial court and, therefore, should not be considered on appeal. Furthermore,

appellant's argument is based upon assumptions and speculations.

Following the rendition of the decree, the appellant, by present counsel who was retained following trial, filed a timely motion for a new trial based upon the issue of the division of the corporate funds received by him as marital property alleging that an excessive award was granted to appellee inasmuch as appellant would be required to pay all of the income tax and appellee's portion would be tax free thereby unduly enriching appellee. After argument of counsel, a special chancellor found that the requested new trial should be denied inasmuch as the "court considered all matters raised by defendant's motion."

A review of the chancellor's findings reflects that all property, including the corporate fund, is marital property and subject to equal division. § 34-1214 *supra*. In accordance with this finding the court directed that their home should be sold and the net proceeds divided equally; that repayment of $1,400, which they borrowed from appellee's mother to pay their joint 1979 income tax, should be shared equally and that all other personal property is marital property and, unless otherwise agreed, shall be sold with the net proceeds divided equally. Further, "the court finds that all debts, including medical, are joint debts of the marriage, and either party who paid on such indebtedness will be given credit for same." Appellant has paid most of the outstanding family indebtedness. As to the income tax indebtedness, appellant approximates that he would receive by July, 1981, a total of $112,000 for the corporate fund following completion of the 1980 audit. He then estimates that a total of $33,409 will be due and payable in income taxes which he must pay from his one-half portion. She should be required to pay one-half, $16,704.50, of this indebtedness; otherwise, he would realize only $22,591 net ($56,000 less $33,409) while appellee would receive $56,000 net.

As indicated, the chancellor held that all property, and specifically this corporate fund, is marital property; that upon a sale of any item of property the net proceeds should be divided equally; and, also, that all debts are joint debts of

the marriage with each party receiving credit for any payment thereon. In the circumstances, we feel a fair interpretation of the chancellor's findings requires that the appellee should share equally in whatever the income tax indebtedness is on this marital property. We agree that appellant's figures are based upon speculation and assumptions; however, if within 17 calendar days, appellee is willing to accept his figures as being sufficiently correct, her share should be reduced by $16,704.50 (one-half of $33,409). Otherwise, we must remand the cause for a determination of the amount of income tax indebtedness with each party paying one-half.

Affirmed as modified.

HICKMAN and DUDLEY, JJ., would affirm.