Joe S. HORNE, Jr. and Angela Kate Horne *v*. SAVERS
FEDERAL SAVINGS AND LOAN ASSOCIATION

87-260                                              747 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered April 4, 1988

*Hale, Ward, Young, Green, Nixon, Jacobs & Hickey*, by: *Ann P. Faitz*, for appellants.

*Mitchell, Williams, Selig & Tucker*, by: *Marcella J. Taylor*, for appellee.

TOM GLAZE, Justice. This case involves a foreclosure action brought by appellee on a note and second mortgage signed on June 6, 1984, by appellants, Joe and Angela Horne. The appellants defaulted on their note in May 1985. After unsuccessfully attempting to locate the appellants' whereabouts, the appellee, on October 29, 1985, filed suit against the appellants, Union National Bank (the Bank) and Mr. and Mrs. William S. Moore. The Bank held a deed of trust signed by the appellants, and the deed was prior in time to the mortgage held by appellee. The Moores were tenants who rented the subject property from the appellants at the time the appellee filed this foreclosure action.

Upon filing suit, appellee's counsel, Tim Grooms, filed an affidavit reflecting that he had made diligent inquiry as to the appellants' whereabouts, specifying he had done so by contacting the appellants' attorney, Gary Green, their tenants, the Moores, and appellant Joe Horne's father, Joe S. Horne, Sr. These persons who were contacted were either unable to disclose where the appellants were or refused to reveal their whereabouts. Service was had upon the appellants by warning order duly published in

the newspaper for two weeks. Appellee's counsel then mailed a complaint and summons, by certified receipt restricted delivery, to each of the named defendants in the action, including Joe Horne, Sr., at their last known address.

While the suit was pending, Mr. Green, appellants' attorney, notified the appellee that appellants had authorized him to offer a deed in lieu of any foreclosure and a $5,000.00 deficiency judgment. Appellee rejected that offer. Appellee continued to try to locate appellants' whereabouts by taking Mr. Horne, Sr.'s deposition, wherein he said his son and daughter-in-law were in Spain; he denied knowing their address or telephone number. Mr. Horne, Sr. conceded that his son was aware that suit had been filed against him and his wife.

On February 24, 1986, appellee filed its affidavit of service in this action, listing the services had on each defendant, and stating that the appellants' complaint and summons had been returned unclaimed. On October 15, 1986, Mr. Green executed an affidavit reflecting the appellants had not authorized him to accept service in this action, but, on October 17, 1986, Green and his law firm filed a motion requesting that appellee's foreclosure action against appellants be dismissed for insufficiency of service of process and a lack of in personam jurisdiction. On November 19, 1986, the chancellor entered an order denying appellants' motion; he found that the court had personal jurisdiction over appellants under Arkansas's long-arm statute and proper service of process was had pursuant to ARCP Rule 4(f). After denying appellants' request for rehearing, the chancellor entered a foreclosure decree against appellants on January 13, 1987, and appellants brought this appeal.

First, we find no merit whatever in appellants' claim that the trial court had no in personam jurisdiction so as to award a personal judgment against them. In this respect, the court in pertinent part (1) determined it had personal jurisdiction over appellants by virtue of Arkansas's long-arm statute, Ark. Code Ann. § 16-4-101(C)(1)(e) (1987), (2) adjudged that appellants owed the appellee $123,946.87, plus interest and other costs and attorneys' fees, (3) provided that the property subject to the Bank's and appellee's mortgages be sold, and (4) ordered that the appellee receive a deficiency judgment for any amount which

may be owed after the sale proceeds are distributed. Section 16-4-101(C)(1)(e), cited by the trial court, provides, among other things, that a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from one person's having an interest in, using, or possessing real property in this state.

This court's decision in *Bowsher* v. *Digby, Judge*, 243 Ark. 799, 422 S.W.2d 671 (1968), is controlling and clearly supports the chancellor's holding that appellants were subject to the personal jurisdiction of the court. *See also Ratliff* v. *Thompson*, 267 Ark. 349, 590 S.W.2d 291 (1979), (court, citing *Bowsher* and construing long-arm statute, held that the Arkansas court had personal jurisdiction over a non-resident who had executed a contract to purchase Arkansas land that subsequently became subject to a foreclosure suit). In *Bowsher*, this court construed and upheld the constitutionality of the same long-arm provision [then Ark. Stat. Ann. § 27-2502(C)(1)(e) (Supp. 1965)] that is in issue here. In that case, the trial court had to determine whether the Pulaski Circuit Court had personal jurisdiction of Bowsher, a non-resident defendant who owned property lying in Pulaski and Perry Counties. Bowsher had authorized, by writing, a Little Rock real estate firm to sell the property, but later he violated that agreement and sold it himself. The court upheld the Pulaski County court's exercise of personal jurisdiction over Bowsher, stating:

> [P]etitioner owns real estate in this state. He depends on the laws and courts of Arkansas for protection of this property and his rights therein. He allegedly entered into a contract relating to this particular property. Arkansas has an interest in providing an effective means of redress for its residents against persons or corporations outside the state who allegedly have violated a contract relating to this realty.

The facts here are even more compelling than those in *Bowsher* in deciding that our Arkansas courts have personal jurisdiction over the appellants. The appellants not only own the Arkansas property that is the subject of this foreclosure, but also they lived on the property when they negotiated and consummated the now defaulted loan, which is the basis of this suit.

■ Appellants next challenge the chancellor's decision that appellee's service of process under ARCP Rule 4(f) was legally sufficient to give the Arkansas court in personam jurisdiction over them. Again, the appellants are wrong. In *Smith* v. *Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983), we considered the use of Rule 4(f) and the service of process procedures thereunder in giving an Arkansas court in personam jurisdiction over a non-resident defendant whose whereabouts was unknown. There, a woman was killed in an accident while riding as a passenger in a car driven by Conrad Smith. Dale Edwards was the driver of the other car involved in the collision. The deceased woman's estate sued Smith who filed a cross-complaint against Edwards, who had moved to Missouri. Smith attempted to obtain constructive service of Edwards under Rule 4(f), and when Edwards learned of the cross-complaint, he moved to dismiss, alleging improper service of process. This court upheld the trial court's dismissal of Smith's cross-complaint, but did so because Smith had failed to meet the requirements of Rule 4(f) when trying to perfect service. On this point, we recited Comment 12 to Rule 4 as follows:

> The burden is on the party attempting service by publication to attempt to locate the missing or unknown defendant. Such party or *his attorney is required to demonstrate to the court, by affidavit or otherwise, that after diligent inquiry, the defendant's identity or whereabouts remains unknown.* (Emphasis added.)

*Id*. at 82, 648 S.W.2d at 484.

In considering the requirements of Rule 4(f), we found that the record reflected that Smith could have easily discovered Edward's whereabouts, but he had failed to utilize the available information to locate Edwards and to give him actual notice. That, of course, is not the situation here. Appellee's counsel was meticulous in his efforts not only to locate the appellants but also to document those efforts, in order to demonstrate how he had tried to give the appellants actual notice of the foreclosure suit filed against them. In fact, appellant Joe Horne's father testified he was sure the appellants *did* know of the suit. Appellants' knowledge of the pending action was further borne out by their attorney's offer, made shortly after the suit was filed, to settle the

dispute with the appellee.

■ In sum, the record reflects the appellee contacted the appellants' attorney, their tenants and Mr. Joe Horne, Sr. The attorney and Joe Horne, Sr. knew the appellants were in Spain and both were in contact with them; nevertheless, they still denied knowledge of, or refused to disclose, the appellants' whereabouts. After many efforts to locate the appellants, the appellee obtained constructive service by publication and by sending appellants a copy of the complaint and summons to their last known address. Unquestionably, the appellee demonstrated that it had made diligent inquiry of appellants' whereabouts.

■ Under the circumstances demonstrated here, appellee was denied in its efforts to give appellants actual or personal service provided for out-of-state persons under the methods set forth under Ark. Code Ann. § 16-4-102(A)(1) (1987) and ARCP Rule 4(e).[1] As a consequence, appellee was relegated to obtain service of process on appellants under Rule 4(f), which is another effective procedure for service under § 16-4-102, Arkansas's long-arm law. *See* Ark. Code Ann. § 16-4-102(E), (which provides this section does not repeal or modify any other law of this state permitting another procedure for service). Rule 4 requires service resulting in actual notice in all cases where the identity or whereabouts of the defendant is known; however, in instances where his or her identity or whereabouts is demonstrated to be unknown, this Rule, particularly provision 4(f), provides a method of construction notice that is reasonably calculated to give the defendant actual notice of the proceedings

---

[1] Both provisions are essentially the same, and as set out in § 16-4-102, those methods provide:

    1. When the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made:

      (a) By personal delivery in the manner prescribed for service within this state;

      (b) In the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;

      (c) By any form of mail addressed to the person to be served and requiring a signed receipt;

      (d) As directed by the foreign authority in response to a letter rogatory; or

      (e) As directed by the court.

and an opportunity to be heard. *See Mullane* v. *Central Hanover Tr. Co.*, 339 U.S. 306 (1950), (court held statutory notice by publication is sufficient as to any beneficiaries whose interests or addresses are unknown to the trustee, since there are no other means of giving them notice which are both practicable and more effective). Accordingly, we affirm the chancellor's ruling that appellee's service under Rule 4(f) was legally sufficient.

■ In conclusion, we note appellants' reference to Ark. Stat. Ann. § 27-339 (Repl. 1979) (now Ark. Code Ann. § 16-58-119 (1987)), and specifically to that portion of the provision that provides that no personal judgment shall be rendered against a defendant, who is constructively summoned under § 27-339 and who does not personally appear, unless the defendant was a state domiciliary at the time he or she was served or when the cause of action arose. First, we point out § 27-339 largely is intended for use in in rem actions. *See* Newbern, Ark. Civil Prac. and Proc., § 9-12 (1985). But, more importantly, we note that the appellee made it clear, when perfecting service upon appellants, that it was proceeding under Rule 4, and the chancellor specifically found that appellee's actions complied with the requirements of Rule 4(f).[2] Thus, we find that part of appellants' argument concerning § 27-339 is of no merit in this appeal.

Because we feel the chancellor was correct on the points raised on appeal, we affirm.

---

[2] In both an order and foreclosure decree, the trial court clearly held that service of process, giving it personal jurisdiction over appellants, was perfected under Rule 4(f). The court, in its foreclosure decree, further responded to the appellants' assertion that the appellee could not, under § 27-339, obtain a personal judgment against them, by explaining how § 27-339 would not avail them any relief.