Robert A. MILLER; Kody Miller by Robert A. Miller; Robert Miller by Robert A. Miller; Carey Miller; Jeremiah Justin Miller by Carey Miller; Rick Miller; James Miller; Claudia Greiner; Ave Maria Askey; Nanette Miller, Appellees.

v.

TONY AND SUSAN ALAMO FOUNDATION, Appellant,

t/d/b/a Southwest Business Management Co., Tony and Susan Alamo Christian Foundation, Holy Alamo Christian Church, Alamo Builders Emporium of Alma, Ark., Alamo Candy Company, Alamo Construction Company, Alamo Electric of Alma, Ark., Alamo Expert Roofing of Fort Smith, Ark., Alamo Land Development Company of Alma, Ark., Alamo Plumbing of Alma, Ark., Tennessee Country Boy Distributors & TCB Distributors;

Music Square Church, Appellant.

t/d/b/a Alamo Mini Mart, Holiness Tabernacle Christian School, Alamo of Nashville in Alma, Alamo Ready Mix, Alamo Discount Grocery, Hartford Advertising, Alamo Freight, Alamo Farms, Alamo Restaurant, Alamo Kerr–McGee Transmission Shop, Alamo DX, & End Times Books; Tony Alamo, a/k/a Tony Fernandoi, a/k/a Tony Fernando Alamo, a/k/a Bernie Lazar, a/k/a Bernie Hoffman, a/k/a Bernie Lazar Hoffman, a/k/a Boris Lazar, a/k/a Papa Tony, ind. & as officer & dir. of Tony & Susan Alamo Foundation & Music Square Church; Marc Lundgarten, ind. & managing agent for Tony & Susan Alamo Foundation & Music Square Church; Tommy Scarcello, ind. & managing agent for Tony & Susan Alamo Foundation & Music Square Church; Carol Ann Miller, a/k/a Carol Ann

**Landgarten, ind. & managing agent for Tony & Susan Alamo Foundation & Music Square Church; Susan L. Miller a/k/a Susan Scarcello, ind. & managing agent for Tony & Susan Alamo Foundation & Music Square Church.**

No. 90–1826.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1990.
Decided Jan. 23, 1991.

See also 748 F.Supp. 695.

Roy Gean, Fort Smith, Ark., for appellant.

Peter Georgiades, Pittsburgh, Pa., for appellees.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOODS,* District Judge.

HENRY WOODS, District Judge.

The plaintiffs, Robert A. Miller, et al., filed this suit in the Western District of Arkansas against Tony Alamo, three other individual associates, and two alleged corporate entities, the Tony and Susan Alamo Foundation (hereafter "Foundation") and Music Square Church, Inc. The first two counts of the complaint were based on the Fair Labor Standards Act, 29 U.S.C. § 206, et seq. and the Davis–Bacon Act, 40 U.S.C. § 276a, et seq. Count III of the complaint was based on the Arkansas minimum wage law, and the remaining counts alleged various common-law torts perpetrated against the plaintiffs. In an amended complaint the plaintiffs alleged diversity of citizenship. It was also alleged that the corporate entities were vehicles through which Tony Alamo perpetrated fraud (App. 8, 24), that the corporations were totally controlled by Tony Alamo and used for his personal benefit, and that this control and domination was so complete that the corporate entities had no independent personality or existence of their own (App. 12, 40).

The Foundation and Music Square Church, Inc. answered through joint counsel. None of the individual defendants answered although all were served in accordance with the applicable statute and Federal and State Rules of Civil Procedure. Since none of the individuals filed an answer, a default was entered against each of the individual defendants on August 17, 1989. No action has been taken regarding the default, and no appeal has been perfected therefrom. The issues with respect to the independent existence of the Foundation and Music Square Church, Inc., apart from Tony Alamo, were set for trial on March 5, 1990. After a two-day trial to the court, during which nine witnesses appeared for the plaintiffs and none for the defendants, as a result of the imposition of sanctions, the district court[1] made findings from the bench. They may be summarized as follows:

1. There was "abundant evidence" that the corporate defendants enjoyed no existence separate and apart from Tony Alamo.

2. There was no evidence that the Foundation was ever even incorporated, but even if it was, the Foundation was formed solely for the purpose of shielding Mr. Alamo's activities and/or was operating simply as an extension of Mr. Alamo.

3. The corporations were shams, used by Tony Alamo for his own purposes.

4. Tony Alamo moved corporate assets into and out of the corporations, and between them, at will, and without regard to any ownership interest by the corporate entities.

5. Tony Alamo appointed and removed corporate officers at his personal whim.

6. Tony Alamo held out to the public that there was no distinction between himself and the corporations.

7. Corporate books and records were manufactured and destroyed, in a fraudulent manner, solely on the command of Tony Alamo.

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The HONORABLE MORRIS S. ARNOLD, United States District Judge for the Western District of Arkansas.

8. Corporate officers and boards, and the corporate form in general, were ignored by Tony Alamo.

9. The corporate defendants were simply extensions, or "alter egos," of Tony Alamo.

The district court entered its order and judgment on April 19, 1990, providing *inter alia:*

[D]efendants Tony and Susan Alamo Foundation and Music Square Church, Inc. were entities which enjoyed no existence separate and apart from defendant Tony Alamo, and that the corporate forms of these two organizations should be set aside. That being the case, there is nothing further to adjudicate with respect to these corporate defendants, and they should be dismissed as independent parties to this litigation.

. . . .

... Any judgment which may in the future be entered in favor of the plaintiffs in this case and against defendant Tony Alamo as an individual will lie against the entities known as the Tony and Susan Alamo Foundation and Music Square Church, Inc. as well.

(App. 191–192). The Foundation and Music Square Church, Inc. appealed from this judgment, raising four points: (1) the district court erred in disallowing the testimony of certain defense witnesses; (2) the district judge should have recused; (3) the district court did not have personal jurisdiction over Tony Alamo; and (4) the court erred in finding that the Foundation and Music Square Church, Inc. were alter egos of the individual defendant Tony Alamo. We affirm.

## I. REJECTION OF TESTIMONY FROM DEFENSE WITNESS

■ Appellants argue that the district judge abused his discretion in sustaining plaintiff-appellee's motion to exclude the testimony of all eight of the witnesses named in defendants' "Pre–Trial Information Sheet." The bases of appellee's motion were: (1) that the defendants should not be permitted to use witnesses who were first identified two business days before trial; and (2) that those witnesses who

had been previously identified by name should be excluded because the defendants had failed to disclose their addresses, despite two prior orders of the court compelling them to do so.

In granting the motion, the court made the following findings:

1. The defendants had ignored orders of the Court requiring that they provide the addresses of prospective witnesses. (App. 217–18).

2. The defendants had willfully disobeyed the Court's orders for the purpose of causing delay and confusing the plaintiff's case preparation, and had "committed themselves to a course of obstruction." (App. 223–24).

3. By their conduct in disobeying the Court's orders and attempting to confuse the case, the defendants had displayed contempt for the Court. (App. 224:1–2).

4. The defendants' transgressions had been repeated, and had consumed too much of the Court's time. (App. 224).

These findings are fully supported by the record, which is replete with instances of evasion, obstruction, and contumacy by the appellants. We find no abuse of discretion in granting appellee's motion.

## II. RECUSAL OF THE DISTRICT JUDGE

■ Two days before the trial, appellants made a "Motion to Disqualify Presiding Judge" because "his prejudice in favor of the plaintiffs precludes the defendants from obtaining a fair and impartial trial." The only evidence presented in support of the motion consisted of two newspaper articles concerning a court proceeding. The motion was denied because it came too late and the two newspaper articles were inaccurate. There are two statutes dealing with judicial recusal—28 U.S.C. § 455(b)(1) and 28 U.S.C. § 144. Section 455 has been interpreted to require a party to make its motion and facts known at the earliest possible time. *United States v. Kelly*, 519 F.Supp. 1029 (D.Mass.1981); *Bradley v. Milliken*, 426 F.Supp. 929 (E.D.Mich.1977); *In Re Bokum Resources Corp.*, 26 B.R. 615 (Bkrtcy.D.N.Mex.1982). Clearly, the

matter was known to the defendants when the newspaper articles, which constituted the entire basis for the defendants' motion, were published, which was in November, 1989. This delay was totally unexplained.

Section 144 requires that an affidavit be filed ten days before the beginning of the term. No affidavit was filed here. The newspaper articles, which were rank hearsay and demonstrably inaccurate, did not constitute a basis for recusal. The district judge properly denied the motion.

## III. VALIDITY OF PERSONAL JUDGMENT AGAINST TONY ALAMO

Appellants argue that no personal judgment could be rendered against Tony Alamo. After the default was entered, the district judge took testimony on damages and entered a personal judgment against Tony Alamo in favor of the plaintiffs in the total amount of $1,448,549. *See Miller v. Tony and Susan Alamo Foundation,* 748 F.Supp. 695 (W.D.Ark.1990). No appeal has been perfected from this judgment. Appellants' attorney does not represent Alamo.

It may be noted in passing that service on Alamo, a fugitive from justice whose whereabouts are unknown, was strictly in accordance with Ark.R.Civ.P. Rule 4(f). The rule reads:

> Where it appears by the affidavit of a party or his attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk and published weekly for two consecutive weeks in a newspaper having general circulation in a county wherein the action is filed and by mailing a copy of the complaint and warning order to such defendant at his last known address, if any, by any form of mail with delivery restricted to the addressee or the agent of the addressee. This subsection shall not apply to actions against unknown tort-feasors.

The affidavit required by this Rule, which recites in great detail the difficulty in locating Alamo and efforts to serve him, was duly filed. (App. 289–306). The sum-

mons and complaint were duly mailed. (App. 306–322). The warning order was issued by the Clerk and duly published. Service was properly perfected upon Alamo, according to the Federal Rules of Civil Procedure and the Arkansas Rules of Civil Procedure. Rule 4(c)(2)(C)(i) Fed.R.Civ.P. permits service to be made "pursuant to the law of the state in which the district court is held."

■ Once service was properly made, personal jurisdiction was obtained against Alamo under the Uniform Long Arm Act, A.C.A. § 16–4–101, *et seq.* (1987). This Act permits personal jurisdiction over one who has "committed a tortious act within the state." A.C.A. § 16–4–101(C)(1)(c) (1987). Here the principal portion of the damages assessed by the district judge resulted from a vicious beating administered by Alamo to two of the child plaintiffs in the presence of a large congregation of his cult followers. Another component of the damage award was the tort of alienation of affections. The Uniform Long Arm Act, after setting forth various methods of obtaining service, states: "This section does not repeal or modify any other law of this state permitting another procedure for service." A.C.A. § 16–4–102(E) (1987). *Horne v. Savers Federal Savings & Loan Association,* 295 Ark. 182, 747 S.W.2d 580 (1988) addressed precisely the issue now before us. In that case jurisdiction was also asserted under the Uniform Long Arm Act, *supra.* Service was first attempted under Rule 4(e) of the Ark.R.Civ.P. which incorporates A.C.A. § 16–4–102(A)(1) (1987). After making every attempt to serve the defendant, just as appellees did in the instant case, the plaintiff in *Horne* was relegated to the provisions of Rule 4(f). The service was upheld along with *in personam* jurisdiction:

> Appellants next challenge the chancellor's decision that appellee's service of process under ARCP Rule 4(f) was legally sufficient to give the Arkansas court in personam jurisdiction over them. Again, the appellants are wrong....
>
> ....

Under the circumstances demonstrated here, appellee was denied in its efforts to give appellants actual or personal service provided for out-of-state persons under the methods set forth under Ark.Code Ann. § 16–4–102(1) (1987) and ARCP Rule (e). As a consequence, appellee was relegated to obtain service of process on appellants under Rule 4(f), which is another effective procedure for service under § 16–4–102, Arkansas's long-arm law. *See* Ark.Code Ann. § 16–4–102(E), (which provides this section does not repeal or modify any other law of this state permitting another procedure for service).

747 S.W.2d at 582–83.

 This case is dispositive of appellants' argument that there was no *in personam* jurisdiction over Tony Alamo under A.C.A. §§ 16–4–101 and 102 and Rule 4(f). The Supreme Court of Arkansas specifically rejected the same arguments that appellant has made with regard to the applicability of A.C.A. § 16–58–119, holding that Rule 4(f) applied and not this particular statute. As also provided in the Uniform Long Arm Act, domicile is a basis for personal jurisdiction. A.C.A. § 16–4–101(B). Such a jurisdictional basis is constitutional. *Harrison v. Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962). Undoubtedly Alamo was a domiciliary at the time the cause of action arose.

There is another basis for personal jurisdiction over Alamo. The Foundation and the Music Square Church have appeared in this litigation. These entities were found to be alter egos of Tony Alamo. Thus, the entry of appearance by these entities constituted an entry of appearance by Tony Alamo.

## IV. SUFFICIENCY OF EVIDENCE TO ESTABLISH THAT ALAMO WAS AN ALTER EGO OF THE ALLEGED CORPORATIONS

Appellants argue that the evidence was insufficient to establish that the two alleged corporate entities were the alter egos of Tony Alamo. The district court's findings on the issue have been set out,

*supra.* Appellants have utterly failed to sustain the burden that these findings were clearly erroneous. *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Their approach is to attack the credibility of the witnesses as "disgruntled former associates of the corporate defendants." At least two of the witnesses were not associates of Alamo. One was a reporter for the *Los Angeles Times.* At any rate, the credibility of these witnesses was a matter within the province of the district judge. We find that each of the court's findings was sustained by abundant evidence. The testimony of the witnesses stands unrebutted in the record.

We affirm the judgment of the district court.