Kelly KILLOUGH *v.* Larry KILLOUGH

CA 00-306 32 S.W.3d 57

Court of Appeals of Arkansas
Division I
Opinion delivered December 6, 2000

*Timothy Davis Fox, PLLC,* by: *Timothy Davis Fox,* for appellant.

*Paul Petty*, for appellee.

TERRY CRABTREE, Judge. This is an appeal of a portion of a divorce decree in which the White County Chancery Court granted the appellant, Kelly Killough, a divorce from the appellee, Larry Killough. The parties were married in 1980 and have four minor children. The youngest child was born on August 27, 1996. Appellant was awarded custody of the four minor children. Appellant challenges four parts of the divorce decree on appeal: (1) the trial court's decision not to include the retained earnings of appellee's professional association in its determination of the marital assets; (2) the trial court's ordering of appellant to pay one-half of any additional income taxes owed by appellee's failure to report income; (3) the trial court's prospective reduction of alimony; and (4) the trial court's awarding the appellee, the noncustodial parent, tax deduction for two of the parties' minor children. We find no error and affirm.

This court reviews chancery court decisions de novo on the record, but will not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Davis v. Office of Child Support Enforcement*, 341 Ark. 349, 20 S.W.3d 273 (2000). We give due deference to the chancellor's superior position to determine credibility of the witnesses. *Id.* With respect to the division of property in a divorce case, we will reverse the chancellor's decision only if it is clearly erroneous, or against the preponderance of the evidence. *Thomas v. Thomas*, 68 Ark. App. 196, 4 S.W.3d 517 (1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite conviction that a mistake was committed. *Turner v. Benson*, 59 Ark. App. 108, 953 S.W.2d 596 (1997).

For appellant's first point on appeal she argues that the trial court erred in not including the retained earnings of appellee's professional association in its determination of marital assets. Appellant argues that the evidence below showed that appellee had unreported cash income since the inception of his professional association. Mr. Horton, a CPA, testified that the present value of the monthly retained earnings of the P.A. was $159,000. The trial court rejected this argument. The trial court stated:

> If the Court adopted that theory, the defendant's gross income would be between $50,000 and $60,000 per year for child-support

purposes. The Court rejects the plaintiff's assertion that the professional association has projected retained earnings of $159,000. Therefore, the Court finds the defendant's gross income to be $80,000 per year.

The trial court's reasoning can be found in the testimony of appellant's witness, Mr. Horton. He testified that there are no retained earnings if the funds are distributed. In this case there is no question that the funds were distributed to the parties and not retained as asserted by appellant. Further, the court added the amounts distributed but not reported to the income of the appellee for purposes of child support. This too was in line with the testimony of Mr. Horton that funds paid out and not reported increase the recipient's income. We cannot find that the decision of the chancellor on this issue was an abuse of discretion.

 Second, appellant argues that the trial court erred in requiring her to pay one-half of additional tax liability for appellee's 1997 unreported income. The trial court required appellee to be solely responsible for any penalties or interest on the unreported income. The chancellor has the power to determine tax liability between the parties. *See generally, Bagwell v. Bagwell,* 282 Ark. 403, 668 S.W.2d 949 (1984); *McMurtray v. McMurtray,* 275 Ark. 303, 629 S.W.2d 285(1982); *Cox v. Cox,* 17 Ark. App. 93, 704 S.W.2d 171 (1986). At the time of the hearing, the parties were in the process of amending their tax returns to reflect income for 1997. In her argument, the appellant pointed out that the anticipated tax liability was approximately $3,000. The chancellor imposed on the appellee the obligation of paying any interest and penalties for his failure to report some of the income necessitating the amendment. In this case, we find that the chancellor simply required appellant to pay taxes that she would have been responsible for if appellee had timely reported the 1997 income; thus we find no error.

Third, appellant argues that it was an error for the trial court to prospectively reduce her alimony of $1,350 to $600 when her youngest child begins school. The trial court anticipated that at that time appellant will obtain employment since all the children will be in school. Appellant argues that the chancellor has no authority to prospectively reduce her alimony as there has been no actual change in circumstances. She argues that appellee must petition the trial

court for a change in alimony at such time a material change in circumstance occurs.

The appellant testified that she had an associate degree from the University of Central Arkansas. She stated to the court that she had been a top sales producer in her previous employment and that she could sell when she believed in the product. She also testified that she was an intelligent person and could get things done because of her deep level of understanding. According to the appellant, at the time of the hearing, she had not looked into the cost of going back to school. The trial court had before it considerable testimony about the earning ability of the parties and other factors that are considered in the process of establishing child support and made a determination as to present and future alimony.

■ ■ The award of alimony is a matter resting solely in the chancery court's discretion. *Schumacher v. Schumacher*, 66 Ark. App. 9, 986 S.W.2d 883 (1999). The alimony award must always depend on the facts of the case. *Id*. The chancellor's award of alimony will not be reversed absent an abuse of discretion. *Id*. We cannot say that the trial court abused its discretion on this issue.

■ Appellant's final point on appeal is that the trial court erred in awarding the appellee, the noncustodial parent, the tax deductions for the two youngest children. We find that under *In Re Administrative Order No. 10: Arkansas Child Support Guidelines*, 331 Ark. 581 (1998), the trial court was within his discretion in this case. Section III(f) of Administrative Order No. 10 states:

> Allocation of dependents for tax purposes belongs to the custodial parent pursuant to the Internal Revenue Code. However, the Court shall have the discretion to grant dependency allocation, or any part of it, to the noncustodial parent if the benefit of the allocation substantially outweighs the benefit to the custodial parent.

We cannot say that the trial court abused its discretion with respect to awarding the appellee the tax deductions for the two younger children. From the evidence, it is apparent that the appellee would benefit substantially more from the allocation than the appellant. The appellant testified that she stayed home as a mom. Her income was substantially lower than the appellee's, but she received a substantial benefit in the form of property, child support, and alimony

from appellee. Accordingly, we find that the trial court was within its discretion in giving the appellee the tax deductions for the two younger children.

Affirmed.

JENNINGS and ROAF, JJ., agree.